**UNITED STATES v. DENMARK.**

No. 13393.

United States District Court
S. D. Georgia, Savannah Division.

Feb. 25, 1953.

Judgment Affirmed Dec. 7, 1953.
See 74 S.Ct. 190.

J. Saxton Daniel, Savannah, Ga., former U. S. Atty., for this District (Wm. C. Calhoun, Augusta, Ga., U. S. Atty.) and Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., for the United States.

Perry Brannen, Brannen, Clark & Hester, Savannah, Ga., and Green B. Everitt, Reidsville, Ga., for defendant appellee.

SCARLETT, District Judge.

An Indictment in four counts and returned against Roscoe Denmark charging violation of Title 15 U.S.C.A. § 1173. The first count charges that the defendant was a dealer in gambling devices and failed to register with the Attorney General of the United States. The remaining counts of the indictment charge that the defendant sold and delivered gambling devices to the persons named in the respective counts within the Savannah Division of the Southern District of Georgia and did not file inventories and records of the sales with the Attorney General.

By motion to dismiss the indictment timely filed and presented, the defendant contends that Title 15 U.S.C.A. § 1173 is unconstitutional as being in violation of the Tenth Amendment to the Constitution in so far as it undertakes to regulate transactions purely local in their nature and entirely intrastate and transactions which do not directly affect interstate commerce. It is further contended by the defendant in his motion to dismiss that Title 15 U.S.C.A. § 1173 is too vague, indefinite, and uncertain to be enforceable, particularly with reference to the language "in such district."

As this opinion dealing with the constitutionality of and application of Title 15 U.S.C.A. § 1173 disposes of the case,

no discussion is had as to the other grounds of the motion.

■ The indictment and all counts thereof is based on Title 15 U.S.C.A. § 1173, Act of Congress of January 2, 1951. Section 1172 of this Act prohibits the transportation of gambling devices in interstate commerce. It was passed pursuant to the constitutional power of Congress to regulate interstate commerce. Being penal in character it must be strictly construed.

■ That Congress has the power to prohibit and regulate the transportation of gambling devices in interstate commerce is clear, and it may regulate to the extent of affecting such intrastate transactions as directly affect interstate commerce, but to regulate transactions purely intrastate or which only indirectly affect interstate commerce would be exceeding the powers of Congress and would render such action unconstitutional. To come within the powers of Congress to regulate intrastate transactions, such transactions must be such as substantially and directly affect interstate commerce, and to extend the Statute here under consideration to purely intrastate transactions would give to Title 15 Section 1173 of the Act an effect beyond the constitutional powers of Congress. While the following decisions are not binding on me, I think their reasonings are sound.

In the case of United States v. 5 Gambling Devices, 119 F.Supp. 641, Libel for Forfeiture, in the Northern District of Georgia, Judge Sloan, in considering the Statute here involved, ruled: "It is neither shown or contended that purely intrastate transactions in gambling devices in any way interfere with or obstruct the regulation of such devices in interstate commerce, and to extend the Act to purely intrastate transactions gives to the Act an effect beyond the constitutional power of Congress. The Act does not apply to intrastate transactions."

The Statute under consideration must be valid, if at all, under the commerce clause of the Constitution, art. 1, § 8, cl. 3. The power of Congress under this clause is limited to matters directly affecting interstate or foreign commerce. The power of Congress under the commerce clause is limited to matters directly affecting interstate or foreign commerce, and can not extend to matters the effect of which, whatever its extent, is indirect. Carter v. Carter Coal Co., 298 U.S. page 238, syl. 21, see page 297, 56 S.Ct. 855, at page 867, 80 L.Ed. 1160.

In the case of United States of America v. 15 Mills Blue Bell Gambling Machines, 119 F.Supp. 74, Libel in Rem, in the Middle District of Georgia, Judge Conger, in considering the Statute hereunder consideration, ruled:

"The fifth defense is predicated on the theory that the Act under which these proceedings are brought seeks to regulate intrastate commerce, which is beyond the power of Congress to do. This defense is sustained," and ruling that the Statute involved was unconstitutional, for this reason, and for the further reason that it was too vague, indefinite, and uncertain because of the language "in such district" contained in the Statute, there being no named or defined district or area to which the words, "in such district" could refer.

■ It is not contended by the counsel for the United States that the defendant was a dealer in interstate commerce, and it is conceded that none of the machines allegedly sold by the defendant were ever transported in interstate commerce and that all of his alleged transactions were had wholly within the State of Georgia. Interstate commerce was not involved and not directly or indirectly affected by the alleged intrastate transactions on the part of the defendant. The Statute under consideration does not apply to intrastate transactions even should it be deemed constitutional.

■ It seems clear to the Court that the Statute involved in so far as it undertakes to regulate purely intrastate

**650**

transactions goes beyond the power of Congress under the commerce clause of the Constitution.

 The Court is also of the opinion that the Statute is too vague, indefinite and uncertain in failing to definitely and clearly designate what is meant by the language "in such district", and being a criminal statute it must be strictly construed.

In accordance with the foregoing opinion, it is Considered, Ordered and Adjudged by the Court that the Motion of the defendant to dismiss the indictment and all counts thereof be, and the same hereby is, sustained and the indictment and all counts thereof is hereby dismissed.