UNITED STATES v. BRAUN.
No. 13392.

United States District Court,
S. D. Georgia, Savannah Division.
Feb. 26, 1953.

Judgment Affirmed Dec. 7, 1953.
See 74 S.Ct. 190.

J. Saxton Daniel, U. S. Atty., Donald H. Fraser, Asst. U. S. Atty., Savannah, Ga., for the United States.

Shelby Myrick, of Myrick & Myrick, Savannah, Ga., for appellee.

SCARLETT, District Judge.

The Act in question, to-wit, Title 15, §§ 1171–1175, was passed pursuant to the power of Congress to regulate inter-state commerce. There is no question but that Congress has power to prohibit the transportation of gambling devices in interstate commerce. It is equally true that Congress has the power to regulate intra-state transactions which directly affect interstate commerce. But the power of Congress to regulate these matters cannot extend to matters the effect of which, whatever its extent, is indirect. See Carter v. Carter Coal Co., 298 U.S. 238, syl. 21, also see page 297, 56 S.Ct. 855, 80 L.Ed. 1160.

In the case of United States v. Five Gambling Devices, 119 F.Supp. 641, Libel for Forfeiture, in the Northern District of Georgia, Judge Sloan, in considering the Statute here involved, ruled: "It is neither shown or contended that purely intra-state transactions in gambling devices in any way interfere with or obstruct the regulation of such devices in interstate commerce, and to extend the Act to purely intra-state transactions gives to the Act an effect beyond the constitutional power of Congress. The Act does not apply to intra-state transactions."

In the case of United States of America v. 15 Mills Blue Bell Gambling Machines, 119 F.Supp. 74, Libel in Rem, in the Middle District of Georgia, Judge Conger, in considering the Statute here under consideration, ruled: "The fifth defense is predicated on the theory that the Act under which these proceedings are brought seeks to regulate intra-state commerce, which is beyond the power of Congress to do. This defense is sustained."

In view of the above decisions, and in view of the fact that there are no interstate transactions involved in this case, and the transactions involved in this case were purely intra-state transactions, the Court therefore is of the opinion that Section 1173 has no application to the defendant in this case, since the Statute under consideration does not apply to intra-state transactions which do not directly affect interstate commerce.

It seems clear to the Court that the Statute involved in so far as it undertakes to regulate purely intra-state transactions which do not directly affect interstate commerce, goes beyond the power of Congress under the Commerce Clause of the Constitution.

In accordance with the foregoing opinion,—

It Is Considered, Ordered and Adjudged by the Court, That the motion of the defendant to dismiss the Indictment and all the counts thereof, be and the same is hereby sustained, and the Indictment and all counts thereof is hereby dismissed.